UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20298-CR-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff

v.

SHAHIN SABOONI, et. al.,

    Defendants.

## ORDER DENYING DEFENDANT'S MOTION FOR REHEARING AND/OR MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Shahin Sabooni's Motion for Rehearing and/or Motion for Reconsideration of Order Denying Motion to Dismiss. [DE 146] Sabooni seeks reconsideration of the Order Denying Motion to Dismiss [DE 145], in which the Court found the government did not violate Sabooni's Sixth Amendment Speedy Trial rights despite the fact that her extradition from India is still pending and the government indicted the case in 2009. Specifically, Sabooni claims the Court improperly analyzed three of the four *Barker v. Wingo*, 407 U.S. 514 (1972) factors. Because the reconsideration motion merely reargues points raised in the earlier motion to dismiss, it is not well-taken and must be denied.

### I.    STANDARD

Though the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, federal district courts have substantial discretion in ruling on such motions in the criminal context. *United States v Saintvil*, 2013 WL 6196523 (N.D. Ga., Nov. 27, 2013) * 2. Courts have largely relied on the standards applicable to motions for reconsideration in civil

1

cases to adjudicate reconsideration motions in criminal cases. *See, e.g., United States v. Pugh*, 2011 WL 1900724, *1 (11th Cir. May 20, 2011) (noting that the same standard of review applies to orders on both criminal and civil motions to reconsider) (citations omitted). Thus, reconsideration motions in the criminal context are well-taken when they present one or more of the following: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *See e.g., United States v. Martinez*, 2011 WL 5101973, * 1 (S.D. Fla., October 25, 2011). Moreover, as with motions for reconsideration in civil matters, motions to reconsider in criminal cases should not "simply rehash previously litigated issues" and "must be used sparingly." *United States v. Russo*, 2011 WL 3044844, * 1 (S.D. Fla., July 25, 2011) (Rosenbaum, J.).

## II.   ANALYSIS

Sabooni contends that in denying her motion to dismiss, the Court improperly assessed the second, third, and fourth *Barker v. Wingo*, 407 U.S. 514 (1972) factors – respectively, responsibility for the delay, assertion of the Speedy Trial right, and prejudice. However, Sabooni's motion is not well-taken because she has not identified a change in the law, she has not presented new evidence, nor has she identified either clear error or manifest injustice. Each of Sabooni's arguments is addressed in turn.

### a. *Responsibility for the Delay*

Sabooni asserts that the Court failed to consider that after she left Iran she was willing to voluntarily travel to the United States to answer the charges. She claims that the government never contacted her, nor did they "pursue her willingness to travel to the United States."[1] [DE 146, p. 4]. However, there is *no* record evidence that Sabooni did, in fact, advise the government

---

[1] The record is silent as to Sabooni's whereabouts for the nearly four years between January 31, 2010, when the Iranian government returned her passport, and January 10, 2014 when Mumbai police arrested her.

that she was willing to travel to Miami. The only record that Sabooni contacted the government is an e-mail from 2009 between a legal assistant at the United States Attorney's Office and the assigned prosecutor where the assistant advised the prosecutor that Sabooni called the office to talk about the case. [DE 143-1]. Insofar as Sabooni asserts the Court committed error by not considering her claim that she contacted the government after she left Iran, the claim is not supported by *any* evidence, much less any new evidence. Therefore, Sabooni's first ground is not cognizable under the motion for reconsideration standard.

### b. *Assertion of Speedy Trial Right*

Next, Sabooni asserts that the Court committed error by failing to consider that the government's alleged dilatory conduct is the legal equivalent of Sabooni asserting her Speedy Trial rights. That assertion proceeds from an incorrect statement of the law. *United States v. Mundt*, 29 F.3d 233, 236-37 (6th Cir. 1994), the case on which Sabooni relies to make that argument, simply stands for the proposition that where a Defendant cannot adequately establish *prejudice*, prejudice may be presumed on a finding of governmental negligence in causing the delay. Contrary to Sabooni's reading of the case, *Mundt* does not stand for the proposition that a finding of governmental negligence legally amounts to the Defendant's invocation of her Speedy Trial right. Moreover, even if *Mundt* could be read as Sabooni suggests, the record establishes that the government did not act negligently and Sabooni offers no new evidence in this motion to undermine that conclusion. As such, with respect to the third *Barker* factor, Sabooni has not presented any grounds that could be cognizable grounds for reconsideration.

### c. *Prejudice*

Finally, Sabooni argues the Court incorrectly found that she had not demonstrated actual prejudice as required under the fourth *Barker* factor. Sabooni has already presented each of her

3

arguments on this point in her earlier motion, and as such, those arguments are not properly presented here. Where Sabooni specifically addresses the Court's findings in denying the motion, she has not presented any new evidence or demonstrated that the Court committed clear error or that the denial resulted in manifest injustice. Thus, as above, her prejudice arguments are not well-taken in a motion to reconsider. Accordingly, it is

ORDERED THAT

Defendant Shahin Sabooni's Motion for Rehearing and/or Motion for Reconsideration of Order Denying Motion to Dismiss [DE 146] is **DENIED**.

DONE and ORDERED in Miami, Florida this 4th day of September, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record